### TAYLOR et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 24, 1916.)

No. 4501.

INDIANS ⬤⟿15(1)—LANDS—RESTRICTIONS ON ALIENATION.

    The Supplemental Creek Agreement of June 30, 1902 (32 Stat. 500, c. 1323), provided that land allotted to citizens of the Creek Nation should be alienable after five years. Act May 27, 1908, c. 199, § 1, 35 Stat. 312, provides relative to the lands of allottees of the Five Civilized Tribes, that homesteads of such allottees shall not be subject to alienation prior to April 26, 1931, except that the Secretary of the Interior may remove such restrictions. In 1901, land was allotted to M., and his allotment was subsequently found to contain less land than he was entitled to. The Commissioner to the Five Civilized Tribes accordingly notified him to make a further selection, in default of which the Commissioner would make the allotment, and in September, 1908, he selected additional land, and it was allotted to him. *Held* that, whether or not the act of 1908 is constitutional as applied to lands allotted under former acts, it was operative as to the lands so selected and allotted to M. after its enactment, as such land could not be treated as selected and allotted on the date of the original allotment.

    [Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 17, 34, 37; Dec. Dig. ⬤⟿15(1).]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by the United States against C. B. Taylor and others. From a decree in favor of the United States, defendants appeal. Affirmed.

The United States instituted this action to cancel a deed to 5 acres of land, executed on October 5, 1911, to J. S. Eaton, one of the original defendants in this action, by Aaron McNack, who had theretofore been enrolled, as a three-fourths blood Creek Indian, on the approved roll of the Creek citizens by blood. By this deed McNack conveyed 5 acres selected by him on September 23, 1908, and to which a patent was duly executed to him by the principal chief of the Creek Nation, and approved by the Secretary of the Interior. The other defendants claimed under Eaton. Eaton filed a disclaimer to any right, title, or interest in this land, and is not a party to this appeal.

The complaint charges that the land, at the time of the conveyance to Eaton and ever since, was restricted against alienation or sale in any manner, by reason of the provisions of section 1 of the act of Congress approved May 27, 1908, entitled "An act for the removal of restrictions from part of the lands of allottees of the Five Civilized Tribes, and for other purposes." The act provides, among other things, that the status of the lands allotted to allottees of the Five Civilized Tribes shall, as regards restrictions on alienation, or incumbrance, be as follows: "All homesteads of said allottees enrolled as mixed-blood Indians having half or more than half Indian blood, including minors of such degrees of blood, and all allotted lands of enrolled full-bloods, and enrolled mixed-bloods of three-quarters or more Indian blood, including minors of such degrees of blood, shall not be subject to alienation, contract to sell, power of attorney, or any other incumbrance prior to April twenty-sixth, nineteen hundred and thirty-one, except that the Secretary of the Interior may remove such restrictions, wholly or in part, under such rules and regulations concerning terms of sale and disposal of the proceeds for the benefit of the respective Indians as he may prescribe." 35 Stat. 312, c. 199. It is charged in the complaint that these restrictions against alienation have not been removed as to this land, either wholly or in part, and that the conveyance to Eaton was made in contravention of law, and constitutes a cloud upon the title of McNack to said land. The bill then sets out the conveyances to the other defendants who claim under Eaton, and prays that they be canceled.

The defendants, other than Eaton, filed an answer in which they pleaded that McNack on May 9, 1901, attempted to select his allotment to which he was entitled under the acts of Congress and the treaties with the Creek Nation; that the lands selected by and allotted to him, and for which later on a patent was issued to him, was afterwards found to contain only 156.42 acres, when he was entitled to 160 acres; that this discrepancy was discovered by the Commissioner to the Five Civilized Tribes about July 14, 1908, whereupon the Commissioner notified McNack to appear and make further selection within 60 days, and in the event such selection was not made by him within 60 days, the Commissioner would allot him such additional lands as would be necessary to make up his entire quota of the allottable lands of the Creek Nation; that in compliance with this request McNack on September 23, 1908, made the selection of the land in controversy, which was allotted to him on that date; that this 5-acre tract was supplemental to the previous allotment made to him on July 14, 1901, and was intended to have the same status as the land allotted to him in 1901. The answer then alleges that on October 5, 1911, for $500 paid to him by Eaton, McNack and his wife conveyed this 5-acre tract to Eaton, under whom the other defendants now claim title. The answer further states that prior to the passage of the act of May 27, 1908, substantially all members of the Creek Nation had been allotted the lands to which they were entitled; that more than 500 of these Creek citizens were of three-quarters Indian blood, and that since the passage of the act of 1908, only about 10 allotments have been made to Creek Indians of three-quarters blood or more, but less than full-blood, who are on the original rolls as citizens of the Creek Nation; that practically all of the allotments made to the Creek citizens of the class to which McNack belonged, after the passage of the act of 1908, were to supplement previous allotments, where insufficient amounts of land had been allotted, or where the original allottee of said lands had lost

some part thereof by contest or otherwise; that under the provisions of section 16 of the Supplemental Creek Agreement (32 Stat. 500), land allotted to citizens of the Creek Nation of the degree of blood of Aaron McNack, as surplus became alienable five years after the date of the approval of the supplemental agreement, which supplemental agreement was approved on June 30, 1902, ratified by the Creek Indians on July 31, 1902, and proclaimed by the President of the United States on August 8, 1902, whereby all the surplus land of the said McNack became alienable, and that the land in controversy is a part of the surplus land of McNack. That by virtue of this supplemental Creek agreement all the restrictions to alienation were removed from the surplus allotment of McNack, and that the Act of Congress of May 27, 1908, in so far as it attempted to place restrictions upon land, from which restrictions had already been removed, was unconstitutional and void.

The plaintiff filed a motion to strike this answer, upon the ground that the facts set out therein do not constitute a defense. This motion was by the court sustained, and the defendants declining to plead further, a final decree, in conformity with the prayer of the complaint, was entered by the court, to reverse which this appeal is prosecuted.

J. P. O'Meara, of Tulsa, Okl. (R. S. Sherman and James A. Veasey, both of Tulsa, Okl., on the brief), for appellants.

W. P. Z. German, Sp. Asst. U. S. Atty., of Muskogee, Okl. (D. H. Linebaugh, U. S. Atty., of Atoka, Okl., on the brief), for appellee.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge (after stating the facts as above). On behalf of the appellants it is contended that, as the original selection by McNack was made on May 9, 1901, and the lands allotted to him, and a patent issued therefor under this selection, the five acres in controversy must be treated as a part of that selection, and as if allotted to McNack on May 9, 1901; that as the Supplemental Agreement with the Creek Tribe, approved June 30, 1902 (32 Stat. p. 500, c. 1323), ratified by the Creek Indians on July 31, 1902, and proclaimed by the President on August 8, 1902, restricted the surplus lands, allotted to the Creeks, from alienation for only five years from date of the approval of the supplemental agreement, the act of May 27, 1908, is unconstitutional, and cannot affect the right of McNack to sell the land, after the expiration of the five-year period, and as these lands were not conveyed by him until 1911, his deed conveyed a perfect title to Eaton and the defendants, claiming under him.

To sustain this contention the defendants rely upon Bartlett v. United States, 203 Fed. 410, 121 C. C. A. 520, decided by this court. In that case the original restrictions against alienation had expired before the enactment of the act of May 27, 1908, and we held that it was not within the power of Congress to impose restrictions on the alienation of lands allotted to an Indian, after the restrictions imposed by the prior law, under which the allotment had been made, had expired. Upon appeal to the Supreme Court the case was affirmed without passing on the power of Congress to impose such additional restrictions, after the original restrictions had expired, the court holding that it was unnecessary to pass on that question as the act of May 27, 1908, contained an excepting clause as to restrictions removed by any

prior law. United States v. Bartlett, 235 U. S. 72, 35 Sup. Ct. 14, 59 L. Ed. 137.

But in the instant case the restrictions on alienation of McNack had not expired or been removed, when the act of 1908 went into effect, 60 days after its approval, as the selection and allotment were made after the act of 1908 was in force. While the learned counsel for the appellants attack the constitutionality of the act of 1908, so far as it may affect the lands allotted under former acts, we do not deem it necessary, in view of the conclusion reached, to determine that question. Tiger v. Western Investment Co., 221 U. S. 286, 31 Sup. Ct. 578, 55 L. Ed. 738; Heckman v. United States, 224 U. S. 413, 436, 32 Sup. Ct. 424, 56 L. Ed. 820; United States v. Knight, 206 Fed. 145, 124 C. C. A. 211, may be examined on that point.

The land in controversy was selected and allotted to McNack after the act of 1908 had become operative. But it is claimed that as this tract was selected and allotted to him to make up the deficiency of his original allotment, it must be treated as if it had been made and allotted to him on May 9, 1901, and therefore the restriction on alienation had expired long before the conveyance to Eaton in 1911.

We are of the opinion that this contention is untenable. Until the selection and allotment were made on September 23, 1908, McNack had no right, title, or interest, whatsoever, either legal or equitable, in and to this 5-acre tract. It was an act of grace on the part of the government that the deficiency in the original allotment was made good. Until the government saw proper to permit him to select this deficiency he had no right, title, or interest, either equitable or legal, to this tract. Until he made the selection no one could tell what particular tract of land would be allotted to him. If he had not made the selection within 60 days after notice, the Commissioner to the Five Civilized Tribes would have made the selection for him. Whether this particular tract would have been selected by him is problematical.

One of the objects of these restrictions on alienation and incumbrance was to induce the Indians to cultivate the lands or at least obtain the rents and profits therefrom, so as to make them self-supporting. Until this allotment was made to McNack he could not do either. When he did make the selection and this land was allotted to him, the act of May 27, 1908, was in full force, and that act made it inalienable until April 26, 1931, except with the approval of the Secretary of the Interior, which was not obtained, when the conveyance was made to Eaton. McNack held the land subject to the restrictions in force at the time he made the selection, and, therefore, the learned trial judge committed no error in sustaining the motion to strike the answer of the defendants.

The decree is accordingly affirmed.